DANIEL KINNE, Appellant,
*against*
SAMUEL PLUMB, Appellee.

*Samuel Miller* and *Elnathan Keyes*, for appellee.
*Daniel Chipman* and *Wm. C. Harrington*, for appellant.

THIS was an action of *assumpsit*, brought by appeal from *Chittenden* County Court. At this term, *Miller* and *Keyes*, for the appellee, filed the following motion:

The County Courts are not empowered to compel a party under a general rule to appear and answer to a new declaration after the files have been lost.

*Kinne*, appellant,    *Chittenden* County, Supreme
      v.         Court of Judicature, *January*
*Plumb*, appellee.    term, A. D. 1801.

THE said *Samuel Plumb* moves the Court here to dismiss the said action from the docket of the Court, for that it appears from the files, that said action was irregularly commenced before the County Court, in that the same declaration was, by an order of the said County Court, and without the consent of the said *Samuel Plumb*, filed in Court against him the said *Samuel Plumb*, without any service or notice

whatever; and that the said County Court ordered the said *Samuel's* attorney to appear and plead in said action, or to suffer a default thereon; whereby the said *Samuel* was compelled to appear and answer to said action to prevent judgment by default being rendered against him. And so the said *Samuel* says the County Court had no jurisdiction of said action. Wherefore the said *Samuel* prays a rule may be granted upon *W. C. Harrington*, Esquire, attorney to the said *Daniel Kinne*, to shew cause why the said action should not be dismissed, and that he may have his costs. By

*Keyes* and *Miller*.

It was admitted, that the declaration was filed in the County Court, under the following rule of said Court, and was conformable thereunto:

### RULE OF THE COUNTY COURT.

*Chittenden County Court, September Term,* 1797.

In all causes where the files in any action in this Court are or shall be lost, the plaintiff's attorney shall have leave to file a new declaration, on affidavit, stating that he cannot find them with the Clerk of the Court, or learn where they are, and that the declaration which he moves for leave to file, does, to his best knowledge and belief, set forth the same cause of action, and in the same form as was set forth in the declaration so lost as aforesaid.

Smith, Judge, recited *memoriter* the decision of a case in this Court last term, *Bennington* County : *A.* entered an action against *B.* in *Bennington* County

*(margin note: Kinne v. Plumb.)*

Court. After several imparlances, the files were missing under such circumstances as induced a belief that the defendant had cloigned them. The County Court made an especial rule, authorising the plaintiff to file a new declaration, which was done. Defendant refused to answer to it, and instructed his attorney to withdraw his appearance. The County Court rendered judgment by default. Defendant brought his writ of error. The whole proceedings of the County Court were certified up. The Supreme Court reversed the judgment rendered in the Court below, and it was the united opinion of the Judges of the Supreme Bench, that the County Court had no power to make such rule.

*Chipman*, for appellant, insisted, that the rule of the County Court, under which the plaintiff *Kinne* filed the declaration on the loss of the original files, was warranted and rendered valid by the statute, which authorises the Supreme and several County Courts to make all necessary rules for the orderly practice in their several Courts, provided that such rules be not repugnant to the constitution or laws of the State.

*Vermont* Stat. vol. 1. p. 60. s. 19.

This rule cannot be repugnant to either. True, the same statute directs by what process defendants shall be brought into Court, and how such process shall be served. In this case the statute was complied with, and the parties in Court; the files were then lost. This is a case not indeed contemplated by the statute, a *casus omissus*, and is well provided for by the rule of the County Court. But it is sufficient in this case for the plaintiff, that the filing of this declaration is warranted by the practice of the Courts of

*Vermont* Stat. vol. 1. p. 61. s. 24.

common law in *England*, which practice is surely not set aside by any statute of the State. On the contrary the whole body of the *English* common law is adopted *sub modo*, or with certain restrictions. In support of which practice, he cited *Lilly's Entries*, vol. 2. p. 522. *Clitheroe* v. *Franklin.* In this cause it appeared to the Court of C. B. upon affidavit, that the verdict was given for the tenant, and judgment thereon signed; but the *postea*, with the writ of *habeas corpora juratorum*, and the panel thereto annexed, was by misfortune lost. It was ordered that the like record should be engrossed, and that a *habeas corpora* be made anew and returned, and a verdict on the *postea* be returned by the associate of the Lord Chief Justice of the Court, and that judgment be entered thereon according to the verdict.

He also cited *Str. Rep.* vol. 1. p. 141. edit. 1781. *King*, *qui tam*, v. *Bolton.*

The defendant having brought error in Parliament, the record was transcribed, and, as it was carrying to the House of Lords, the original was picked out of the officer's pocket. The House of Lords received the transcript without examining it, and the Court of B..R. ordered a new entry to be made, and the judgment of the King's Bench was affirmed in Parliament.

Mr. *Chipman* further observed, that the decision of the Supreme Court, cited by the Assistant Judge, he humbly conceived was not in point, as that decision was grounded upon an especial rule, apparently made to apply to a particular case; but because the County Court had no power to make such especial rule, *non constat* they may not make general rules for the orderly practice of their Court, as provided by

the statute. Indeed the statute provides merely for general rules.

S. *Miller*, for the appellee. The statute directs that the declaration shall be sent out with the writ; that service shall be made in all cases twelve days before the sitting of the Court to which it is made returnable. These requisitions of the statute must be complied with, or the judgment will be erroneous; or rather, all the subsequent proceedings will be irregular and void. That these requisites have been complied with, can be shewn by matter of record only. In this case, it cannot appear that these statute requisitions have been complied with. What then is the operation of the process in the County Court? Plainly this: To compel a defendant to answer to a declaration filed against him in Court without any previous preparation or notice. This is directly repugnant to the statute, which requires that the defendant shall have twelve days notice of the declaration before the sitting of the Court. The rule of Court, then, on which the proceedings are founded, must be void, and of course all the proceedings grounded upon the rule.

The decisions cited from the authorities were founded on the *English* statutes of jeofails, which are broader than ours; of course those decisions can have no weight. Besides, if the rule of the County Court be repugnant to the laws of the State, it must be void. In this view of the subject we have only to compare the rule with the statute. The repugnancy is manifest.

To notice more particularly the cases cited from the *English* books. We observe, that the cause of

*King, qui tam,* v. *Bolton,* was in prohibition. In that cause it appears, that after the plaintiff had declared in prohibition, judgment against him, and writ of error brought by him in Parliament, in carrying up to the House of Lords a transcript, together with the original record, the latter was picked from the pocket of the clerk; the transcript was read in Parliament without examination and comparison with the original, as is the practice in such cases; the Lords proceeded, and affirmed the judgment. After a final judgment and decision of the cause, on the writ of error application was made to the Court of King's Bench to file the proceedings *de novo* to support the judgment; and by statute the Judges in *England* are empowered to amend in support of judgments; but in the construction of this and all other statutes of jeofail, they never create, and have ever some written document to *amend by.* In this case there was the copy or transcript of the process to *amend by.* Thus, by our practice, should the copies brought into this Court by appeal be lost, this Court would allow them to be supplied by a new transcript. The files and records of the County Court would remain to *amend by.*

In the case of *Clithero* v. *Franklin,* where the *habeas corpora* verdict and *postea* were lost, there was the writ, declaration and process still left. There was the Judges' notes to *amend by,* as well as the oath of the Clerk. The *habeas corpora* is to be compared to our *venire;* the verdict, as with us. Should our Clerk neglect to enter the verdict, or lose it when returned on paper as in civil causes, it might at any time before the ending of the term, be supplied from after recollection; yet the writ and process could

*Kinne*
v.
*Plumb.*

Kinne
v.
Plumb.

never be thus supplied. There is this principle in both cases cited ; there was something to amend by. In the present case, there was nothing to supply the loss of the files but a partial amendment, supplying merely the declaration without *mesne* process, bail, or subsequent pleadings, and that declaration supplied from the mere recollection, and supported by the affidavit of the attorney to one party, and forced upon the other party.

The Chief Judge delivered the opinion of the Court.

The County Court were not authorised to make such rule. The statute points out the mode of issuing and serving process. This is a case unprovided for by law. A practice under such rule, which authorises the plaintiff's attorney to file such declaration, would open a door for contest. Considering this cause as irregularly before the County Court, they having no jurisdiction, this Court have not the cause regularly before them, and therefore it must be dismissed.

Rule made absolute.

*Miller* then moved the Court for costs, agreeably to his motion filed. He argued, that the proceedings under the rule in the County Court were compulsory ; that the irregularity of these proceedings was the fault of the original plaintiff, and not the laches of the defendant ; that this is similar to a case on a judgment in favour of a plea in abatement to the jurisdiction of a Court where costs are taxed ;

that the plaintiff ought not to allege the irregularity of his own process as an excuse for the payment of costs.

The Chief Judge mentioned a cause before this Court, decided in *Windsor* County, where an appeal was taken from an order of amendment in the County Court. The Court decided against the appeal. On the motion for costs, the Court referred the appellee to the bonds given below to prosecute the appeal to effect.

The Court took time to advise; and now, on the tenth day of the term,

The Chief Judge delivered the opinion of the Court.

This case is distinguishable from a plea to the jurisdiction, as in that case there is original process; in the present case no original process upon which costs can be predicated.

The cause is dismissed without costs.

NOTE. By an act of the Legislature, passed *No-vember* 10th, A. D. 1807, provision is made to supply the deficiency of files " lost, mislaid, or destroy-ed." *Vid. Vermont* Stat. vol. 1. p. 114.